IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

M.H., by and through his parents, R.A. and I.H.,

    Plaintiff,

v.

JEFFERSON PARISH SCHOOL BOARD,

    Defendant.

Case No. 25-1638

Jury Demanded

## COMPLAINT

Plaintiff, by and through undersigned counsel, alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action to redress disability-based discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*, and the Louisiana Human Rights Act, La. Rev. Stat. § 51:2247.

2. Plaintiff also asserts federal constitutional claims under 42 U.S.C. § 1983.

3. Plaintiff also asserts tort claims under state law.

4. This Court has jurisdiction under 42 U.S.C. §§ 1983, 12132; and 28 U.S.C. § 1367(a).

5. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the Plaintiff's claims occurred there.

### PARTIES

6. Plaintiff is M.H.

7. M.H.'s mother is R.A.

8. M.H.'s father is I.H.

9. Because M.H. is a minor, R.A. and I.H. are pursuing this action on M.H.'s behalf.

10. M.H. is autistic.

11. Defendant Jefferson Parish School Board is the school board for Jefferson Parish, Louisiana, consistent with La. Rev. Stat. § 17:51. Its principal place of business is 501 Manhattan Blvd., Harvey, LA 70058.

## FACTUAL ALLEGATIONS

12. M.H. is a 6-year-old-boy.

13. M.H. attended Paul J. Solis Elementary School between August 11, 2024 and October 30, 2024.

14. M.H. has autism, also known autism spectrum disorder.

15. M.H is nonverbal.

16. M.H.'s special education classroom included 3-4 other children.

17. M.H.'s IEP notes, "he struggles with maintaining attention to task and needs frequent prompting and breaks to work successfully."

18. M.H. also elopes frequently.

19. Eloping is a common symptom of children with ASD to run away or wander from caregivers.

20. Autism is a "disability" under federal and Louisiana antidiscrimination laws, because it is a condition that substantially limits one or more major life activities.

21. Nicole Cannaliato is, and at all relevant times was, the principal at Paul J. Solis Elementary School.

22. Paul J. Solis is a public school in Jefferson Parish, operating under the jurisdiction of the Jefferson Parish School Board. It is located at 2850 Mt. Laurel Dr., Gretna, LA 70056.

23. Chloe Roussell was a "temporary" teacher for the School Board.

24. The events at issue here occurred on October 29, 2024.

25. Despite being a "temporary" teacher, the School Board assigned Ms. Roussel to M.H.'s classroom on a permanent basis.

26. Around 11:45am on October 29, 2024, M.H. placed his head on his desk to avoid engaging with his schoolwork.

27. In response to M.H. placing his head on the desk, Ms. Roussell began striking him on the arm and hand multiple times with a 12-inch ruler.

28. M.H. then hid underneath the desk, and Ms. Roussell yanked him out by his shirt collar, choking him in the process.

29. An ABA[1] technician was in the classroom at the time and witnessed the abuse.

30. An employee named Kimberly McGrew was also present in the classroom.

31. Upon information and belief, Ms. McGrew reported the incident to Principal Cannaliato, who took no action.

32. Because M.H. is nonverbal, he was unable to tell his parents about the abuse.

33. Instead, M.H.'s parents only learned about the abuse because an ABA technician reported the abuse to their supervisor, who in turn, informed M.H.'s parents the following day, October 30.

34. The ABA supervisor also informed M.H.'s parents that a paraprofessional named "Jackie" had previously hit the child with a paper towel roll, saying "you're lucky it wasn't harder."

35. As soon as R.A. learned of the abuse of her son, she went to the school to speak with the principal.

36. R.A. requested to view video footage of the incident, but Principal Cannaliato refused to show it to her.

---

[1] ABA stands for "applied behavioral analysis."

3

37. Principal Cannaliato viewed the video footage herself and, after viewing the footage, called the Jefferson Parish Sheriff's Office to file a report.

38. Principal Cannaliato filed this police report at approximately 5pm on October 30, 2024.

39. In the police report, Principal Cannaliato told the responding officer that she would view more footage of M.H.'s classroom to determine if other incidents of abuse had occurred.

40. Upon information and belief, Principal Cannaliato viewed other instances of abuse against M.H., but failed to report them to M.H.'s parents or anyone else.

41. Upon information and belief, the School Board either terminated Ms. Roussell's employment or allowed her to resign in lieu of termination.

42. Upon information and belief, the School Board either terminated the employment of "Jackie" (the paraprofessional) or allowed her to resign in lieu of termination.

43. The school did not invite M.H.'s parents to watch the video footage until January 2025.

44. Ms. Roussell was arrested by the Jefferson Parish Sheriff's Office and charged with two felony counts of cruelty to a juvenile, in violation of La. Rev. Stat. § 14:93.

45. On April 22, 2025, the Jefferson Parish District Attorney filed a bill of information against Ms. Roussell, charging her with two felony counts of cruelty to a juvenile, in violation of La. Rev. Stat. § 14:93.

46. Ms. Roussell is awaiting trial on the criminal charges.

47. Because of this abuse, M.H. will have lasting psychological injuries.

48. He is terrified to return to school.

49. As a result, M.H.'s parents have withdrawn him from the school.

50. Throughout M.H.'s time at Paul J. Solis, his parents noticed bruising on his hands and wrists but assumed no foul play.

51. Now, they suspect the bruising may have been caused by one or more of his instructors.

52. Upon information and belief, the examples of physical and verbal abuse listed in this complaint are not exhaustive. Plaintiff alleges that staff members regularly engaged in similar or worse physical and verbal abuse when other adults were not in the classroom to witness it.

53. Upon information and belief, the employees who abused M.H. were motivated, at least in part, by animus for children with autism.

54. Cannaliato and the School Board failed to adequately screen Paul J. Solis School employees and/or negligently hired them.

55. Cannaliato and the School Board failed to adequately train and supervise Paul J. Solis School's employees on their obligations to children with disabilities.

56. In failing to adequately screen, train, and supervise Paul J. Solis School's special-education employees, Cannaliato and/or the School Board demonstrated deliberate indifference to children with disabilities.

57. The School Board is vicariously liable for the wrongdoing of its employees.

## FIRST CLAIM – Disability Discrimination (ADA)

58. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

59. Defendant violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, because it is a public entity that discriminated against Plaintiff on the basis of his disability.

60. Defendant treated Plaintiff less favorably than non-disabled or differently disabled students.

61. Defendant knowingly created a hostile education environment on the basis of disability.

62. Defendant denied Plaintiff a reasonable accommodation for his disability.

63. The discriminatory actions of Defendant were intentional and taken with deliberate indifference to Plaintiff's rights.

5

64. Plaintiff suffered injuries as a result of the Defendant's acts or omissions.

## SECOND CLAIM – Disability Discrimination (La. Rev. Stat. § 51:2247)

65. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

66. Defendant violated La. Rev. Stat. § 51:2247 because it "den[ied] an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, … on the grounds of … disability."

67. Defendant treated Plaintiff less favorably because of his disability.

68. Defendant created a hostile education environment on the basis of disability.

69. Defendant denied Plaintiff a reasonable accommodation for his disability.

70. The discriminatory actions of Defendant were intentional and taken with deliberate indifference to Plaintiff's rights.

71. Plaintiff suffered injuries as a result of Defendant's acts or omissions.

## THIRD CLAIM – Louisiana Battery

72. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

73. Defendant committed battery against Plaintiff, because one or more of its employees intentionally made a harmful or offensive contact with Plaintiff.

74. Defendant is vicariously liable for the torts of its employees.

75. Plaintiff suffered injuries as a result of this contact.

## FOURTH CLAIM – Negligence

76. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

77. Defendant had a duty to Plaintiff to conform its conduct to a specific standard of care, and its conduct fell below that standard of care.

78. Defendant's negligence caused Plaintiff damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment:

1. Declaring that Defendant's conduct as set forth above violates 42 U.S.C. § 12132 and La. Rev. Stat. § 51:2247.

2. Declaring that Defendant is liable for Louisiana battery and negligence;

3. Awarding compensatory damages, expectation damages, punitive damages, nominal damages, and any other form of damages available to Plaintiff for injuries caused by Defendant's discriminatory and tortious conduct, pursuant to 42 U.S.C. § 12133, La. Rev. Stat. § 51:2264, and any other applicable provisions.

4. Awarding costs and attorney's fees to Plaintiff, pursuant to 42 U.S.C. § 12133, La. Rev. Stat. § 51:2264, and any other applicable provisions;

5. Granting such further relief as this Court may deem just and proper.

## JURY DEMAND

Consistent with Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury as to every claim for which he is entitled.

Respectfully submitted,

August 8, 2025

　　/s/ *Chris Edmunds*

Chris Edmunds, Counsel for Plaintiff
LBSA: 37670
Chris Edmunds Law Office
740 Dante St.
New Orleans, LA 70118
(504) 314-0034
chrisedmundslaw@gmail.com